GARDEN, JUDGE:
The claimant, a former employee of the Department of Welfare, is requesting this Court to direct the respondent to pay her retirement benefits which she claims she is legally entitled to receive. Counsel for the respondent filed a Motion to Dismiss asserting, inter alia, that this Court does not have jurisdiction to grant the requested relief. At the hearing, a ruling on the Motion to Dismiss was taken under advisement, and evidence was presented on the merits of the claim.
The evidence disclosed that the claimant was first employed by the Department of Welfare on August 23, 1965, where she remained in varying capacities until May 11, 1974, a service credit period of some 104 months. Prior to her employment by the Department of Welfare, the evidence further disclosed that claimant had been employed as a substitute teacher by the Raleigh County Board of Education during fiscal year 1963-64, and also that she had been employed by the same agency on a full-time basis during fiscal year 1964-65. Apparently during the early part of 1974, the claimant was offered a more attractive position with the federal Social Security Administration, but before resigning from her position with the Department of Welfare, she made inquiry of employees of respondent who assured her that if she had attained two years of service credit as a result of her service with the Raleigh County Board of Education, that she would be eligible for retirement benefits under the West Virginia Public Employees Retirement System. With this information the claimant resigned and accepted employment with the federal government, but most re *152 grettably, within six weeks she was forced to resign from her position due to a serious illness, and as a result, has been unable to resume her working activities.
Jewell Dye, chief retirement consultant for respondent, testified that she indeed recalled talking by phone with the claimant on several occasions in the early months of 1974, and that she did advise the claimant that if she had paid into the retirement fund for a period of two years with the Teachers Retirement Fund, that with the excess of eight years of service with the Department of Welfare she would have attained the necessary service credit of ten years which would entitle her to retirement benefits. Ms. Dye testified that she advised claimant that before a final determination as to eligibility could be determined, it would be necessary to obtain confirmation of the prior service from the Teachers Retirement Fund. After requesting such confirmation, it was determined that claimant, during fiscal year 1963-64, had been employed only on a substitute teacher basis, and that during that year had only worked for a one-month period in excess of 10 days, and that as a result was only entitled to one month’s service credit for fiscal year 1963-64, which coupled with the 12 months credit for fiscal year 1964-65, meant claimant had only 13 months available for transfer from the Teachers Retirement System to the West Virginia Public Employees Retirement System. All of this was regrettably determined after the claimant terminated her employment with the Welfare Department, and thus after 9 years and 9 months of satisfactory service, the claimant was 3 months shy of attaining the necessary 10 years of service credit.
While it is most lamentable that these situations occur, we are of the opinion that we do not possess the statutory jurisdiction to direct the respondent to award retirement benefits to claimant, and for that reason, the Motion to Dismiss should be sustained, but beyond that, because on the merits of the case we do not feel that the claimant has established that she is entitled to the claimed retirement benefits, we must and do hereby refuse to make an award to the claimant.
Claim disallowed.